# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUIS SOTO,**

                **Plaintiff,**

**-vs-**                                           **Case No. 6:09-cv-949-Orl-22DAB**

**KECHEJIAN, LLC. and JOHN KECHEJIAN,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED JOINT MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT AND DISMISS WITH PREJUDICE PLAINTIFF'S COMPLAINT (Doc. No. 24)**
>
> **FILED:** December 21, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for reconsideration of the parties' Amended Joint Motion to Approve Settlement and Release Agreement upon re-referral by the District Judge (on December 22, 2009) to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, following this Court's recommendation to deny without prejudice the parties' previous Joint Motion (Doc. No. 23). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other

route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

As the Court indicated in the previous Report & Recommendation, Plaintiff's Answer to Court Interrogatories states that Plaintiff was employed by Defendant from December 31, 2006 to January 2009 as a waiter and cook, and alleged he was owed $7,175 for overtime, plus the same amount in liquidated damages. Doc. No. 19-2. The settlement to Plaintiff of $2,750 in unpaid wages and $2,750 in liquidated damages represents 38% of the disputed amounts Plaintiff sought in the responses to Court' Interrogatories. Doc. No. 23. The parties explain in the Amended Joint Motion (Doc. No. 24 at 2) that the $2,750 in overtime plus $2,750 in liquidated damages to Plaintiff represents the full amount owed as redetermined following the settlement conference in which "[w]ith the benefit of all time records and testimony available, both parties agreed at that time, that the amount arguably due

to Plaintiff was below that asserted in Plaintiff's Answers to [the] Court's Interrogatories." Doc. No. 24. "[P]laintiff was believed to have arguably been owed approximately three and three quarter (3.75) hours of overtime each week. Therefore, it was determined that approximately $2,750 was owed in back wages (82 weeks x $8.75 x 3.75 hours OT), plus an equal amount in overtime wages." Doc. No. 24.

Plaintiff's counsel by virtue of the signed Amended Joint Motion (rather than affidavit) represents that he expended, in addition to the $2,040 based on 6.8 hours had been incurred at his attorneys' hourly rate of $300 per hour at the time the Interrogatory Responses were filed, and additional 4.75 hours preparing for the settlement conference, during the settlement conference and on correspondence with opposing counsel and Plaintiff, or an additional $1,425 (at $300/hour); the total is $3,465 in fees and $440 in costs. In an effort to resolve the claim, counsel reduced their fees by approximately $225. Doc. No. 24. Because the Plaintiff has received the full amount sought for wages and liquidated damages and there was no compromise of the claim, the Court does not review the amount attorney's fees and costs.

Accordingly, it is respectfully **RECOMMENDED** that the Amended Joint Motion to Approve Settlement (Doc. No. 24) be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 5, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy